UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-35-DLB

SHANE LEMASTER                                                                               PLAINTIFF

vs.                           **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Shane A. Lemaster applied for, and was awarded, Adult Child Disability Insurance Benefits in October 1994, at the age of 19.  Plaintiff, who is now 31 years old, suffers from a cerebral degenerative disease, and has a high school education.  In early 2002, the Administration discovered that Plaintiff had been overpaid $47,158.00 from September 1997 to January 2002, due to his failure to report his marriage on September 13, 1997.  Plaintiff requested a waiver of overpayment, which was denied initially and upon reconsideration.  He then requested a hearing before an administrative law judge (ALJ), which was held on June 19, 2003, in Prestonsburg, Kentucky.

1

On January 26, 2004, ALJ James Kemper issued a written decision, finding that Plaintiff was not without fault in causing and accepting the overpayment, and denying a waiver for recovery of the overpayment. (Tr. 14). The Appeals Council denied Plaintiff's request for further review by letter dated November 5, 2005. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on February 7, 2006. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Title 42 § 404(a)(1) permits the Secretary to make recovery of an overpayment of benefits. However, there shall be no recovery from any person who is without fault if such adjustment or recovery will defeat the purpose of the Social Security Act or would be

2

against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. In defining fault, 20 C.F.R. § 404.507 requires the Secretary to consider all pertinent circumstances, including the person's age, intelligence, education and physical and mental condition. Fault depends upon whether the facts show that the incorrect payment to the individual resulted from: (a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) with respect to the overpaid individual only, acceptance of a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507. Whether the person is without fault is a threshold issue, and the Court's review is limited to determining whether the Commissioner's decision on that issue is supported by substantial evidence. *Watson v. Sullivan*, 940 F.2d 168, 171 (6th Cir. 1991).

### B.     The ALJ's Determination

In this case, the ALJ concluded that Plaintiff was at fault because he failed to notify the Administration of his marriage on September 13, 1997. At the hearing, Plaintiff testified that, sometime before that date, he contacted the local Social Security Administration office and asked whether his upcoming marriage would affect his benefits. According to Plaintiff, a Social Security employee told him that his benefits would not change, but to contact the Administration if he and his wife had children. Plaintiff's wife, Regina, offered similar testimony, and also stated that Plaintiff gave the employee his Social Security Number.

In denying Plaintiff's request for a waiver of the recovery of the overpayment, the ALJ noted first that Plaintiff was unable to provide the name of the employee to whom he spoke, or any other evidence to corroborate his allegations. The ALJ then noted that Plaintiff was "put on notice at the time of his initial award in 1994 that he was to report any

changes in circumstance, such as marriage, immediately to the Social Security Administration ...." (Tr. 14). Finally, the ALJ rejected Plaintiff's contention that he notified the Administration of his marriage by virtue of his wife's petition for a name change.

**C.     Analysis**

Plaintiff advances several arguments on appeal. First, he argues that the ALJ failed to consider his physical and mental limitations, as well as his efforts to notify the Administration of his upcoming marriage, in determining whether he was "without fault." Plaintiff also alleges that he was "without fault" because he relied upon mis-information from a Social Security Administration employee. (Doc. #10, p.10). According to Plaintiff, recovery of the overpayment would be "against equity and good conscience" because he would not be able to provide even the basic necessities for himself and his wife. Finally, Plaintiff contends that the ALJ's credibility determination is not supported by substantial evidence because he did not provide specific reasons for his finding.

In response, the Commissioner notes that Plaintiff graduated from high school, despite any physical and/or mental limitations. She also argues that Plaintiff was "fully advised of his reporting responsibilities," and failed to establish that he complied with them. More particularly, the Commissioner contends that: 1) the ALJ properly discounted Plaintiff's and his wife's testimony that he notified the Administration of his upcoming marriage based upon his inability to remember any of the salient facts about the telephone call or offer any corroborating evidence, and in doing so, provided sufficient reasons for finding Plaintiff not credible, and 2) the Administration could not be charged with constructive knowledge of Plaintiff's marriage merely because his wife applied for a social security card name change. Finally, the Commissioner claims that the ALJ was not

4

required to consider whether recovery of the overpayment would defeat the purpose of the Social Security Act or be against equity and good conscience, because Plaintiff failed to satisfy his threshold burden of proving he was "without fault."

Contrary to Plaintiff's suggestion, the ALJ expressly stated in his written decision that "[i]n determining whether an individual is without fault, the administration will consider all pertinent circumstances, including the claimant's age, intelligence, education, and physical and mental condition." (Tr. 13). The ALJ also considered Plaintiff's testimony that he notified the agency of his marriage and was informed that his benefits would not be affected unless he and his wife had children. (Tr. 14). Ultimately, however, the ALJ discounted Plaintiff's testimony and found him not credible because he was "unable to provide a name or any evidence to support his allegations." (Tr. 14). The ALJ also noted that Plaintiff was "put on notice at the time of his initial award in 1994 that he was to report any changes ... such as marriage ... to the Social Security office." (Tr. 14). For these reasons, he concluded that Plaintiff had not sustained his burden of establishing that he was "without fault." The Court agrees.

Although not binding, the Court finds support for its conclusion in *Whiteman v. Bowen*, 640 F. Supp. 992 (S.D. Ohio 1986). In that case, the claimant requested and was granted a waiver of the collection of an overpayment, and sought an award of attorneys fees pursuant to the Equal Access to Justice Act (EAJA).[1] On appeal, the court was called upon to determine whether the waiver requirements of 20 C.F.R. § 404.506 were satisfied,

---

[1] The Court notes for the sake of completeness that in *Whiteman*, the standard of review for awards of fees and costs under the EAJA was whether the ALJ's decision was "substantially justified," rather than whether it was supported by substantial evidence. *Whiteman*, 640 F. Supp. at 995.

5

albeit in a different context than herein. The underlying facts of the case, however, are strikingly similar to the instant case. The plaintiff testified that she called the local Social Security Administration (SSA) office to report her son's marriage three days after the fact. *Id*. at 996. This was the only evidence offered in support of the plaintiff's contention that she was "without fault" in causing the overpayments to be made. *Id*. The plaintiff did not know the name of the woman to whom she spoke; nor did she send a follow-up letter of confirmation, or tender some sort of documentary evidence to the ALJ - a diary or calendar perhaps - on which a notation of the making of the call would have been made. *Id*. Therefore, "while plaintiff's testimony technically was unrefuted, it likewise was uncorroborated." *Id*.

The ALJ ultimately discredited the plaintiff's testimony and concluded that she was not "without fault." In so concluding,"the ALJ essentially made a credibility assessment," and, because he had the opportunity to observe the demeanor of the plaintiff, the court noted that his assessment "should not be discarded lightly." *Whiteman*, 640 F. Supp. at 996 citing *Beavers v. Sec'y of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978). The court also distinguished the facts from those presented in *Meyer v. Secretary of Health, Education and Welfare*, 513 F. Supp. 41 (W.D. Mich. 1980), where there was no doubt as to whether plaintiff had notified the SSA. *Whiteman*, 640 F. Supp. at 997.

Likewise, in concluding that Plaintiff was not "without fault," the ALJ in this case, essentially made a credibility assessment. The Court concludes that both findings - on the issues of fault and credibility - are supported by substantial evidence. Specifically, the Court notes that Plaintiff was unable to substantiate his claim that he contacted the Administration to report his marriage, and that he received mis-information. This fact,

which was expressly noted in the ALJ's decision, also serves as substantial evidence to support the ALJ's credibility determination. For these reasons, the Court finds that Plaintiff's arguments on appeal are without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #12) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 5th day of September, 2006.



Signed By:
*David L. Bunning*  DB
United States District Judge